RECEIVED
WD/AR

8 2011

U. S. CLERK'S OFFICE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

JAN 2 8 2011

CHRIS R. JOHNSON, CLERK

BY

DEPUTY CLERK

CHARLES D. WOOD )
                    PLAINTIFF, )
                                 )
VS. )
                                 )
UNION PACIFIC RAILROAD COMPANY, )
a Corporation, )
                                 )
                                 )
RECEIVED )
WD/AR )
                                 )
N 2 8 2011      DEFENDANT. )

Cause No. 11-4012

**PLAINTIFF DEMANDS A TRIAL
BY JURY**

U. S. CLERK'S OFFICE

## COMPLAINT

Now comes the plaintiff, CHARLES D. WOOD, by and through his undersigned

attorneys, and for his cause of action against defendant, Union Pacific Railroad

Company, states as follows:

### COUNT I

### (Federal Employers' Liability Act – Repetitive Trauma)

1.   Charles D. Wood is a resident of Texarkana, Arkansas.

2.   This action arises out of the Federal Employers' Liability Act, 45 U.S.C. §51

*et. seq.* and seeks damages for personal injuries sustained by Plaintiff Charles D.

Wood, while in the course and scope of his employment with Defendant Union Pacific

Railroad Company.

3.   Defendant is now and was at all times herein mentioned a duly

organized and existing corporation engaged in the business of operating a railway

system in interstate commerce and in the transportation of freight by railroad in said

interstate commerce, and engages in such business in, and owns, controls and operates a railroad running into and through the territorial boundaries of this Court.

4.   At all times relevant to this cause of action, Defendant was engaged in the business of operating and maintaining an interstate railroad transportation system.   In connection with its operations, Defendant maintained various tracks, roadbeds, signal devices, switching devices, locomotives, motorcars, freight cars, and other types of equipment, facilities, and installations incidental to railroad transport.

5.   At all times relevant to this cause of action, Plaintiff was employed by Defendant as a Carman, and engaged with Defendant in interstate commerce and in furtherance of interstate commerce.

6.   During Plaintiff's employment with Defendant, he has been subjected to repetitive trauma at Defendant's facilities including a substantial amount of said trauma at facilities within the geographical boundaries of this Court with resultant injury thereto as more fully alleged hereinafter.

7.   The aforesaid occurrence, and Plaintiff's resulting injuries and damages, directly and proximately resulted from the negligence of Defendant, and its agents, servants and employees, in one or more of the following respects:

> a)   Defendant failed to provide Plaintiff with a reasonably safe place to work;
>
> b)   Defendant failed to provide Plaintiff with reasonably safe conditions for work;
>
> c)   Defendant failed to provide Plaintiff with reasonably safe equipment for the performance of work;
>
> d)   Defendant failed to provide Plaintiff reasonably safe methods of work;

e) Defendant failed to inspect the areas in which and equipment with which Plaintiff would be working in order to identify defects, hazards and/or dangers therein;

f) Defendant failed to correct identified hazards in the workplace in which and equipment with which Plaintiff would be working;

g) Defendant failed to properly maintain the working conditions and equipment with which Plaintiff would be working;

h) Defendant failed to employ an adequate work force to Properly maintain the conditions under which Plaintiff would be working;

and Defendant knew or in the exercise of ordinary care should have known thereof, and

that such failures would reasonably likely cause substantial harm.

8.   As a direct and proximate result of the aforesaid occurrence, and one or

more of the above-recited acts or omissions of negligence on the part of Defendant, and

its agents, servants and employees, Plaintiff sustained injuries and damages to his

shoulders.   As a direct result of the foregoing, Plaintiff has suffered and will forever

suffer from severe pain, limitation of movement and loss of function.

9.   As a further direct and proximate result of the aforesaid occurrences, one or

more of the above-recited acts or omissions of negligence on the part of Defendant, its

agents, servants and employees, and Plaintiff's aforementioned injuries resulting there

from, Plaintiff has been caused to undergo necessary medical, hospital, surgical and

therapeutic care and treatment, and Plaintiff will be required to undergo additional

medical, hospital, surgical and therapeutic care and treatment in the future.   He has

incurred and become obligated for the aforesaid care and treatment, and he will be

required to incur and become obligated for the expenses of such additional care and

treatment in the future.   Furthermore, Plaintiff has incurred a wage loss as a direct and

proximate result of the foregoing, and his ability to work and labor has been and will forever be substantially impaired, diminished, lessened and lost.

10. Plaintiff neither knew nor reasonably should have known of his injury or its causal relationship to his railroad employment until, at earliest, February 14 of 2008.

WHEREFORE, Plaintiff, CHARLES D. WOOD, prays for judgment in his favor and against Defendant, UNION PACIFIC RAILROAD COMPANY, in an amount in excess of the jurisdictional limits, together with costs herein expended, and for such other and further relief as the Court deems just and proper in these circumstances.

## COUNT II

### (Federal Employers' Liability Act)

1. Charles D. Wood is a resident of Texarkana, Arkansas.

2. This action arises out of the Federal Employers' Liability Act, 45 U.S.C. §51 *et. seq.* and seeks damages for personal injuries sustained by Plaintiff Charles D. Wood while working within the course and scope of his employment with Defendant Union Pacific Railroad Company.

3. Union Pacific Railroad Company is now and was at all times herein mentioned duly organized and existing according to law engaged in business as a common carrier by railroad in interstate cornmerce doing business within the geographical boundaries of this Court.

4. At all times mentioned herein Defendant owed Plaintiff a duty to provide a reasonably safe place to work and further provide Plaintiff with the proper tools, equipment and assistance.  (45 U.S.C. §51 *et. seq.*)

5. On or about April 6, 2009 Plaintiff, was within the geographical boundaries of this Court, and was attempting to lift a heavy jack.

6. At the aforementioned time and place, Plaintiff sustained injuries and damages to his right shoulder resulting in whole or in part from the Defendant's negligence in one or more of the following respects, to-wit:

   a) Defendant failed to provide Plaintiff with a reasonably safe place to work;

   b) Defendant failed to provide Plaintiff with adequate assistance or equipment to perform the assigned task.

7. Wholly or partly as a result of the aforesaid negligence of Defendant, Plaintiff suffered the following injuries and damages: Plaintiff sustained injuries to his person including but not limited to his right shoulder; Plaintiff has been caused to incur and become responsible for certain medical expenses and will continue to incur such expenses in the future; Plaintiff has lost wages that are likely to continue into the future; the Plaintiff has suffered, does suffer, and will continue to suffer extreme pain and mental anguish; Plaintiff has suffered and will continue to suffer from disability and disfigurement; all to Plaintiff's damages in an amount in excess of the jurisdictional limits.

WHEREFORE, Plaintiff CHARLES D. WOOD, prays for judgment in his favor and against Defendant, UNION PACIFIC RAILROAD COMPANY, in an amount in excess of the jurisdictional limits, together with his costs herein expended, and for such other and further relief as the Court deems just and proper in these circumstances.

BOYD, POFF & BURGESS, LLP

By:_____

      Jack N. Boyd, Jr. #90150
      2301 Moores Lane
      Texarkana TX 75503
      903/838-6123
      903/832-8489 Fax

LAKINCHAPMAN LLC

Bradley M. Lakin
LakinChapman LLC
300 Evans Avenue
P O Box 229
Wood River IL 62095-0229
618/254-1127
618/254-0193 Fax